**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **UNITED STATES OF AMERICA**    ) | |
| ) | |
| v.              ) | **Criminal Action No. 99-79 (RWR)** |
| ) | |
| **BURUDI FAISON,**           ) | |
| ) | |
| Defendant.        ) | |
| _____ ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Burudi Faison seeks a writ of coram nobis to vacate his 1999 conviction for carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c), arguing that trial counsel provided ineffective assistance and that there was not a factual basis for his guilty plea.  The government opposes Faison's motion.  Because Faison has not demonstrated any entitlement to coram nobis relief, his petition will be denied.

<u>BACKGROUND</u>

In June 1999, Faison pled guilty to one count of using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c).  Pre-Sentence Investigation Report ("PSR") ¶ 2.  Faison was sentenced to 60 months in prison, J. in a Criminal Case, Sept. 8, 1999, and completed his sentence in September 2003, Pet. for Writ of Coram Nobis ("Pet.") at 1.  In 2007, Faison was found guilty of a drug conspiracy charge in an unrelated case in New York.  <u>Id.</u>  Faison asserts that, because of his previous conviction here under 18 U.S.C. § 924(c), the

- 2 -

government had filed in the New York case prior felony
enhancement papers.  As a result, his statutory minimum and
maximum sentence for the drug conspiracy charge was increased
from 5 to 40 years to 10 years to life.  Id. at 2.

On March 9, 2012, Faison filed for a writ of coram nobis
under 28 U.S.C. § 1651, seeking to vacate his 1999 conviction.
He claims principally that coram nobis relief is warranted
because he received ineffective assistance of counsel and the
record failed to "reflect a factual basis for [his] plea."  Id.
The government opposes his motion, contending that coram nobis
relief is unavailable because Faison does not offer sufficient
reasons for his twelve-year delay in challenging his conviction,
did not seek direct review of his conviction and sentence, and
fails to show that there was a fundamental error affecting his
conviction or sentence.  Govt.'s Mem. in Opp'n at 6-8.

## DISCUSSION

"Through a writ of error coram nobis, the federal judge who
imposed a sentence has the discretionary power to set aside an
underlying conviction and sentence which, for a valid reason,
should never have been entered."  United States v. Hansen, 906 F.
Supp. 688, 692 (D.D.C. 1995).  "Unlike the 'in custody'
limitation of the habeas statute, a petitioner may collaterally
attack a federal conviction under" coram nobis even if he is "no
longer serving a sentence pursuant to that conviction."  Id.

- 3 -

(citations omitted); cf. 28 U.S.C. § 2255 (providing that a
habeas defendant must be in custody for the conviction or
sentence he challenges).  Coram nobis is an "extraordinary"
remedy, United States v. Denedo, 556 U.S. 904, 911 (2009), and
such relief is "rarely granted," Craven v. United States, 26 Fed.
App'x 417, 419 (6th Cir. 2001).  A petitioner seeking a writ of
coram nobis must show that

> (1) a more usual remedy is not available; (2) valid
> reasons exist for not attacking the conviction earlier;
> (3) adverse consequences exist from the conviction
> sufficient to satisfy the case or controversy
> requirement of Article III; and (4) the error is of the
> most fundamental character.

Hansen, 906 F. Supp. at 692-93 (citations omitted).  In Hansen,
where the defendant sought to vacate his conviction and sentence,
the court found that "a more usual remedy" of relief under § 2255
was unavailable to the defendant because he had completed his
sentence and "ha[d] long since exhausted his usual appeal
rights[,]" but that coram nobis relief was available.  Id. at
693.

Here, Faison has shown that a more usual remedy is not
available because he is not in custody for the conviction he
challenges, Pet. at 3, and thus cannot attack his conviction
under 28 U.S.C. § 2255.  See United States v. Williams, 630 F.
Supp. 2d 28, 30 (D.D.C. 2009).  However, even though coram nobis
relief is Faison's exclusive avenue to challenge his conviction,
Faison has not demonstrated that the other requirements for a

- 4 -

writ of coram nobis are met.  Faison fails to show that "valid
reasons exist for not challenging the conviction earlier."  <u>See</u>
<u>Hansen</u>, 906 F. Supp. at 692.  To show that he has valid reasons
for a delay in challenging a conviction, a defendant must show
why he did not seek to appeal the conviction directly.  <u>See</u> <u>Foont</u>
<u>v. United States</u>, 93 F.3d 76, 80 (2d Cir. 1996).  The bar is
high; coram nobis is not "a free pass for attacking criminal
judgments long after they have become final."  <u>United States v.</u>
<u>Riedl</u>, 496 F.3d 1003, 1004 (9th Cir. 2007).

    Faison submits that he did not attack his conviction earlier
because "he had no reason to believe that a 924(c) offense was
classified as a felony drug offense rather than a firearm
offense" before <u>United States v. Nelson</u>, 484 F.3d 257 (4th Cir.
2007), was decided.  The <u>Nelson</u> opinion was issued eight years
after Faison pled guilty to violating 18 U.S.C. § 924(c), but
several months before the New York charges were filed.  <u>See</u> Pet.
at 3.  <u>Nelson</u> held that a defendant's previous conviction for
carrying a firearm during and in relation to a drug trafficking
offense in violation of 18 U.S.C. § 924(c) constituted a felony
drug offense that made the defendant eligible for a sentence
enhancement for a later federal drug offense.  <u>See</u> <u>Nelson</u>, 484
F.3d at 258.

    Faison's proffered rationale fails to justify his delay in
seeking coram nobis relief for at least two reasons.  First, he

neither demonstrates a valid reason for his ten-year delay in challenging his conviction, nor explains why he waited five years after his 2007 New York sentence was imposed and Nelson was decided to seek coram nobis relief.  Second, that Faison had no reason to challenge his 1999 plea and conviction until he was convicted for a subsequent offense and received a sentence enhancement in 2007 is not a valid reason for his delay.  In Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992), the court held that "[t]he fact that [defendant] . . . ha[s] had no reason to challenge [his first] conviction until after the sentence was imposed in" a later trial for a separate offense "is not, standing alone, a sound reason" for a five-year delay.  See id.  Furthermore, Faison has not shown that either the court or Faison's trial counsel bore any obligation to explain to Faison that, if he were to commit a subsequent offense after serving his sentence for his 1999 guilty plea, his guilty plea could be used to enhance a future sentence.  See McCarthy v. United States, 320 F.3d 1230, 1234 (11th Cir. 2003); Wright v. United States, 624 F.2d 557, 561 (5th Cir. 1980).  Thus, Faison has not shown that he had valid reasons for his delay in challenging his conviction.

Faison also has not shown that the consequences of his conviction have been sufficiently adverse to justify a writ of coram nobis.  Faison asserts that a writ is justified because he "is suffering from and will continue to suffer from adverse

- 6 -

consequences from the prior conviction" due to the sentence
enhancement for his 2007 New York conviction.  Pet. at 4.  The
fact that a previous sentence makes a defendant eligible for an
enhanced sentence for a subsequent conviction does not constitute
a sufficiently adverse consequence to justify a writ of coram
nobis.  United States v. Edwards, 911 F.2d 1031, 1035 (5th Cir.
1990).  The sentence enhancement for Faison's 2007 drug
conviction therefore provides no grounds for coram nobis relief.
See id.

Finally, Faison has also failed to show that his conviction
was the result of fundamental error.  An error is fundamental if
it is "(1) an error of fact; (2) unknown at the time of trial;
(3) of a fundamentally unjust character which probably would have
altered the outcome of the challenged proceeding if it had been
known."  United States v. Johnson, 237 F.3d 751, 755 (6th Cir.
2001) (citing United States v. Blanton, 94 F.3d 227, 230 (6th
Cir. 1996)); see also United States v. George, 676 F.3d 249, 257
(1st Cir. 2012) (explaining that a defendant's decision to "enter
into a plea bargain . . . counts against finding an error of the
most fundamental character").  Faison alleges that fundamental
error is present because he was deprived of his right to
effective assistance of counsel and his Fifth Amendment
substantive due process rights.  Pet. at 2, 4.

- 7 -

Faison claims that his "pretrial counsel was ineffective in
her representation and advisement."  Id. at 2.  "To prove
constitutionally deficient representation, the defendant must
show (1) 'that counsel's performance was deficient,' and
(2) 'that the deficient performance prejudiced the defense.'"
United States v. Cassell, 530 F.3d 1009, 1011 (D.C. Cir. 2008)
(quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).
The defendant bears the burden of overcoming the "strong
presumption that counsel's conduct falls within the wide range of
reasonable professional assistance."  Strickland, 466 U.S. at
689.  Vague allegations of ineffective assistance are
insufficient to establish grounds for coram nobis relief.
Foreman v. United States, 247 Fed. App'x 246, 248 (2d Cir. 2007)
(denying coram nobis to petitioner who "failed to present any
evidence, save his own conclusory allegations, demonstrating that
counsel was ineffective"); Tejada v. Dugger, 941 F.2d 1551, 1559
(11th Cir. 1991); United States v. Talley, 674 F. Supp. 2d 221,
224-25 (D.D.C. 2009).  That counsel advised a defendant to plead
guilty is not by itself grounds for a claim of ineffective
assistance.  United States v. Thomas, 541 F. Supp. 2d 18, 25
(D.D.C. 2008).

Faison asserts that he received ineffective assistance of
counsel prior to his plea because his attorney spoke with him
only about "the amount of time to plead to, rather than those

- 8 -

matters that make a guilty plea voluntary and knowing." Pet. at 5.  Furthermore, he argues, the court should have "ascertained . . . whether [he] was willing to proceed with his present attorney or whether he wanted another." Id. at 4.  Faison does not present any evidence to support his assertions, and the fact that trial counsel advised him to plead guilty does not alone make counsel's assistance ineffective.  See Thomas, 541 F. Supp. 2d at 25.  Because Faison's claims are conclusory and vague, they are insufficient to establish a claim of ineffective assistance. See id.  Because he provides no evidence to bolster his allegations, Faison cannot overcome the presumption that his counsel was effective.  See Strickland, 466 U.S. at 689; Foreman, 247 Fed. App'x at 248; cf. United States v. Wilson, Crim. Action No. 96-319-01 (CKK), 2005 WL 6293747, at *13 (D.D.C. Sept. 12, 2005).

In addition to claiming that his counsel was ineffective, Faison asserts that his guilty plea violated his Fifth Amendment due process rights because "the record fails to reflect a factual basis for the plea."[1]  Pet. at 2, 6.  Federal Rule of Criminal

---

[1] Within his challenge to the factual basis of his plea, Faison also alleges that the court failed to advise him of the elements of the 924(c) offense that the government would be required to prove beyond a reasonable doubt at trial, and ask him whether the facts the government proffered it could prove were true.  See Pet. at 6.  Aside from such failures being an unprecedented deviation from the court's consistent practice, Faison presents no evidence to support his allegations.

- 9 -

Procedure 11(b)(3) requires that, prior to "entering judgment on a guilty plea, the court . . . determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).  However, a writ of coram nobis "is only appropriate when claims could not have been raised by direct appeal," Sun v. United States, 342 F. Supp. 2d 1120, 1127 (N.D. Ga. 2004), aff'd, 151 Fed. App'x 860 (11th Cir. 2005), and coram nobis is "'not a substitute for appeal,'" United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (quoting Foont, 93 F.3d at 78).  In his reply, Faison does not dispute the government's claim that he never sought to attack the factual basis of his plea prior to filing his petition for coram nobis.  See Pet.'s Reply to Govt.'s Mem. in Opp'n at 3-4. Because he failed to raise the alleged lack of a factual basis for his plea on direct appeal, Faison is not entitled to coram nobis relief on the grounds that his plea lacked a factual basis.

CONCLUSION AND ORDER

Faison is not entitled to coram nobis relief because he has failed to offer valid reasons for not attacking his conviction earlier, and his 2007 sentence enhancement is not an adverse consequence sufficient to justify coram nobis relief.  He has not demonstrated as a fundamental error that trial counsel was ineffective, and his claim that his plea lacked a factual basis is barred because he did not challenge it on direct review. Therefore, it is hereby

- 10 -

ORDERED that Faison's motion [52] for a writ of coram nobis be, and hereby is, DENIED.

SIGNED this 29th day of July, 2013.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge